IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RYAN TOMLINSON,                          *
                                         *
        Plaintiff,                       *
                                         *
v.                                       *
                                         *        Civil No. 22-1353 PJM
GENERAL PATRICIA HOROHO,                 *
                                         *
        Defendant.                       *
                                         *
                                         *

## MEMORANDUM OPINION

*Pro se* Plaintiff Ryan Tomlinson has filed a handwritten Complaint asserting a plethora of complaints against U.S. Army General Patricia Horoho (former Surgeon General of the United States Army), the Office of Personnel Management, Blue Cross Blue Shield Insurance, and the U.S. Army Nurse Corps as Defendants. ECF No. 1. On June 28, 2022, the Court dismissed the Office of Personnel Management, Blue Cross Blue Shield Insurance, and the US Army Nurse Corps, leaving General Horoho as the sole Defendant.

In a jumble of pleadings, Tomlinson, a former Captain in the U.S. Army Nurse Corps, appears to claim that during his time in the U.S. Army Nurse Corps he was verbally and physically assaulted, emotionally abused, and threatened because of his sexual orientation. He claims that he has attempted to work with the EEOC, but that the agency failed to appropriately investigate his claims.

Tomlinson asserts that on the basis of these claimed harms, he is entitled to backpay, reinstatement of his Servicemembers' Group Life Insurance ("SGLI") policy, the cash value of his SGLI policy, and the reinstatement of his Blue Cross Blue Shield ("BC/BS") private health

insurance coverage (which he alleges General Horoho's office canceled). General Horoho has filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. ECF No. 29.

## I.    Factual Background

Tomlinson, as indicated, is a former Captain in the U.S. Army Nurse Corps. ECF No. 29, Ex. 1. In January 2011, he was convicted by a military judge, sitting as a general court-martial, for insubordination, disrespect of a superior officer, and dereliction of duty. *United States v. Tomlinson*, ARMY 20110034, 2013 WL 6662545, at *1 (A.C.C.A. Dec. 13, 2013). However, on December 13, 2013, the U.S. Army Court of Criminal Appeals set aside the guilty findings and sentence and dismissed the charges due to what it termed Tomlinson's "debilitating mental health conditions." *Id.* at 4. Tomlinson medically retired from service effective March 28, 2014. ECF No. 29.

Before this Court Tomlinson alleges that during his time in the U.S. Army Nurse Corps, he was the victim of a litany of crimes. He repeatedly claims that he was brutally assaulted while on active duty in South Korea and while stationed at a military hospital in Maryland and that he was treated with significant hostility by his superiors and harassed as a result of his sexual orientation. *See e.g.,* ECF Nos. 1 and 28.

In her Motion to Dismiss, General Horoho provides background details corroborating Tomlinson's employment at the U.S Army Nurse Corps and his retirement therefrom. *See* ECF No. 29. However, she states that given the "fatal dearth of factual information" that Tomlinson provides, she is unable to discern exactly what he is asking for in his Complaint. *Id.* at 1. She further submits that the lack of cohesion and lack of factual basis in Tomlinson's Complaint provide ample basis for the Court to dismiss his claim.

Tomlinson has offered numerous responses to General Horoho's Motion to Dismiss, though but none engage with the factual or legal arguments that General Horoho makes in her Motion.

## II.    Legal Standard

The procedural rules that guide federal district courts require plaintiffs to set forth factual allegations that make their claims plausible. A motion to dismiss the complaint will be granted where the complaint's allegations do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's complaint must present enough facts to substantiate its assertions. The rules do not allow a plaintiff to state, without foundation, that he believes he is entitled to some relief.

It is not enough for a plaintiff to assert a legal conclusion without more; these conclusions "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although *pro se* litigants are entitled to special solicitude and courts are to construe complaints by an unrepresented party "liberally," this requirement "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Where no actionable claim is asserted, a complaint should be dismissed.

## III.    Analysis

The glaring and fatal omission in Tomlinson's Complaint and numerous supplementary submissions is that he provides no relevant details to corroborate his claims of mistreatment and abuse. There is, quite simply, no factual basis set forth that would allow General Horoho, or the

Court, to investigate or respond to the alleged incidents. As the Complaint stands, Tomlinson has not presented enough facts to "state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Even if his allegations of harm were factually sufficient to support some sort of relief, the relief Tomlinson requests is either unreasonable on its face or well beyond the authority of this Court or General Horoho to provide. For reference, Tomlinson seems to claim that due to the harms he suffered during his time in the U.S. Army Nurse Corps, he is entitled to up to $265,000,000.00 in backpay plus an additional $950,000.00 a month; the reinstatement of his Servicemembers' Group Life Insurance ("SGLI") policy; the cash value of his SGLI policy; and the reinstatement of his Blue Cross Blue Shield ("BC/BS") private health insurance coverage. *See e.g.,* ECF No. 1, 32, and 33.

In her Motion to Dismiss, General Horoho clearly outlines how each type of relief Tomlinson requests is either procedurally barred or impossible to fulfil.

She explains that Tomlinson's claim for backpay, leaving aside the outlandish amount he requests, is both improperly before this Court and barred by the statute of limitations. Absent a waiver, the United States and its officers and employees enjoy sovereign immunity to suit. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Tomlinson does not identify a waiver of the government's sovereign immunity in his Complaint. *See* ECF No. 1. However, the Tucker Act, 28 U.S.C. §1491(a)(1), or its companion statute, the Little Tucker Act, id. § 1346(a)(2) allow for sovereign immunity to be waived to allow veterans to sue for backpay if their claims exceed $10,000. *See Martinez v. United States*, 333 F.3d 1293, 1302-03 (Fed. Cir. 2003). Since Tomlinson's claim exceeds $10,000, his claim may be permitted under the Tucker Act. However, this Court has no authority to act on this Motion; the U.S. Court of Federal Claims has exclusive

4

jurisdiction of his claim. *See Huff v. U.S. Dep't of Army*, 508 F. Supp. 2d 459, 463 (D. Md. 2007) ("In actions exceeding this amount [$10,000], the Court of Federal Claims has exclusive jurisdiction.") As such, General Horoho reasons, this Court lacks the subject matter jurisdiction to entertain this particular claim.

Further, General Horoho points out that a claim under the Tucker Act is subject to a statute of limitations. It must be filed in the U.S. Court of Federal Claims within six years after such claim accrues, the accrual of which begins at the time of the servicemember's discharge. *Id.* at 464. Tomlinson was discharged from military service on March 28, 2014. This action was filed on June 3, 2022, more than eight years after Tomlinson's claim for backpay accrued, thus is well beyond the six-year statute of limitations period.

General Horoho does note that there may be an appropriate avenue for Tomlinson's claims: The Army Board for Correction of Military Records ("ABCMR"). Even though Tomlinson's claims are time barred in federal court, General Horoho suggests that Tomlinson may still be able to apply to the ABCMR. ECF No. 29. The ABCMR, it appears, has the capability and resources to compile his administrative record, review the facts, and quite possibly, grant him the backpay relief he seems to be requesting. *See, e.g., Ruiz Nieves v. United States*, 133 Fed. Cl. 306, 310 (Fed. Cir. 2017). But this Court simply cannot entertain Tomlinson's claim for backpay. The alternative for Tomlinson's grievances, if any, would seem to be with the ABCMR.

Tomlinson next claims that he is entitled to a reinstatement of his SGLI — low-cost term life insurance coverage available to eligible servicemembers — or the cash value of his SGLI policy. 38 U.S.C. § 1967. Tomlinson possessed SGLI during his time in the service. However, when a servicemember leaves the military, his SGLI coverage ends 120 days after his separation from active duty or, if the service member is totally disabled, two years after his separation from

active duty. 38 U.S.C. § 1968(a)(1). Since Tomlinson was discharged from active duty in 2014 and did not file the present suit until June 3, 2022, even if this Court had jurisdiction over the claim, there would be no basis for the Court to find that Tomlinson is entitled to SGLI coverage or to any cash payment related to this coverage.

Finally, General Horoho addresses Tomlinson's accusation that her office caused his health insurance to be canceled. Tomlinson alleges absolutely no concrete facts that suggest any wrongdoing on the part of General Horoho in canceling Tomlinson's insurance during his service and absolutely no facts to indicate why he should be entitled to a reinstatement of coverage almost a decade after his discharge from military service. The Court agrees with General Horoho that this final claim lacks foundation and merit.

In view of the foregoing, despite his apparent distress, there is no basis for any of Tomlinson's claims to go forward in this Court.[1]

## CONCLUSION

Defendant's Motion to Dismiss, ECF No. 29, is **GRANTED**. The Clerk of the Court is directed to **CLOSE** the case.

A separate Order will **ISSUE**.

Date: July 13, 2023

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[1] The Court urges Tomlinson to see if redress may be possible before the Army Board for Correction of Military Records.

6